**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:07CV351**

| | |
|---|---|
| **RICHARD VINCENT TENER,**     ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| **Vs.**    ) | **ORDER OF DISMISSAL** |
| ) | |
| **CITY OF WOODFIN; OFFICER**    ) | |
| **MESSINA; COUNTY OF BUNCOMBE; )** | |
| **COUNTY OF BUNCOMBE JAIL; and**    ) | |
| **COUNTY OF BUNCOMBE CLERK OF**    ) | |
| **COURT, BOB CHRISTY,**    ) | |
| ) | |
| **Defendants.**    ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's complaint and

application to proceed in *forma pauperis*, both filed November 1, 2007.

The Court finds from the application filed herein that Plaintiff is

unable to make prepayment of the fees or costs or provide security

therefor and the application should be allowed.

The Court also holds, however, that Plaintiff's action should be

dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).  Section 1915

provides, in pertinent part, that "[n]otwithstanding any filing fee, or any

portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." **28 U.S.C. § 1915(e)(2)(B) (emphasis added).** Under this statutory proscription, the district court must dismiss such a case, and it is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. ***Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996);** ***White v. White*, 886 F.2d 721 (4th Cir. 1989).**

In the instant case, Plaintiff alleges he was the victim of both false imprisonment and cruel and unusual punishment. False imprisonment is the "(1) intentional and unlawful, (2) restraint or detainment of a person, (3) without that person's consent." ***State v. Petro*, 167 N.C. App. 749, 752-53, 606 S.E.2d 425, 428 (2005).** Further, in order to establish a cause of action for cruel and unusual punishment, a claimant must allege two elements: (1) that "the deprivation of [a] basic human need was objectively sufficiently serious," and (2) "that subjectively the officials act[ed] with a sufficiently culpable state of mind." ***Rish v. Johnson*, 131 F.3d 1092,**

**1096 (4ᵗʰ Cir. 1997) (alterations in original) (internal quotation marks omitted).**

In this case, although the undersigned is sensitive to the very unfortunate circumstance of Plaintiff's mistaken arrest and detention, the Court nonetheless notes that Plaintiff has failed to allege the requisite states of mind on the part of Defendants, which are necessary to sustain a cause of action for false imprisonment or cruel and unusual punishment. In short, because Plaintiff's complaint contains no indication that his imprisonment was "intentional" or carried out "with a sufficiently culpable state of mind," the complaint must be dismissed.  **28 U.S.C. § 1915(e)(2)(B)(ii) (providing for mandatory dismissal of complaints that fail to state a cause of action).**

The Court further notes that Plaintiff indicates in his complaint that each Defendant was "acting under the authority or color of state law at the time these claims occurred."  **Complaint, filed November 1, 2007, at 2-3.** As such, each Defendant was covered by the doctrine of sovereign immunity at the time of the incidents and, therefore, cannot be sued absent circumstances not alleged in the complaint.  ***Hubbard v. County of Cumberland*, 143 N.C. App. 149, 151, 544 S.E.2d 587, 589 (2001) ("In**

**general, the doctrine of sovereign immunity provides the State, its counties, and its public officials with absolute and unqualified immunity from suits against them in their official capacity.").** This fact alone is sufficient grounds for dismissal of Plaintiff's complaint. **28 U.S.C. § 1915(e)(2)(B)(iii) (providing for mandatory dismissal of complaints that seek monetary relief against defendants who are immune from such relief).**

IT IS, THEREFORE, ORDERED that Plaintiff's application to proceed in *forma pauperis* is **ALLOWED**, and he is hereby permitted to file and prosecute this action to its conclusion without the prepayment of either fees or costs and without providing security therefor; and

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** under the doctrine of sovereign immunity and for failure to state a claim.

Signed: November 15, 2007

Lacy H. Thornburg
United States District Judge